IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Patricia T. Patterson, | ) | |
| | ) | C/A No.:0:04-23250-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| | ) | |
| Autozone Auto Parts, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On December 13, 2004, Plaintiff Patricia T. Patterson, proceeding *pro se*, filed this action against Defendant Autozone Auto Parts, Inc. alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) et seq. In subsequent filings, Plaintiff has also alleged claims under the Equal Pay Act, 29 U.S.C. §§ 203 (e)(2) and 206 (d); and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 et seq. This matter is before the court on Plaintiff's motion for default judgment filed January 4, 2006 and Defendant's motion for summary judgment filed February 7, 2006.[1]

By order filed February 8, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if she failed to respond adequately. Plaintiff filed a memorandum in opposition to summary judgment on March 14, 2006. On March 20, 2006, Defendant filed a reply to Plaintiff's response.

In accordance with 28 U.S.C. § 636(b) and Local Rule 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for a Report and Recommendation.

---

[1] On the same date, Defendant filed a motion for sanctions pursuant to Fed. R. Civ. P. 11.

On June 8, 2006 the Magistrate Judge filed a Report and Recommendation in which he recommended that Defendant's motion for summary judgment be granted. Plaintiff filed objections to the Report and Recommendation on June 29, 2009.[2] Defendant filed a reply to Plaintiff's objections on July 3, 2006 to which Plaintiff responded on July 7, 2006. The facts of this case are detailed sufficiently in the Magistrate Judge's Report and Recommendation and are incorporated herein by reference.

The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b). The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

In recommending summary judgment in favor of Defendant, the Magistrate Judge recommended a finding that Plaintiff is barred under the doctrines of collateral estoppel and res judicata from relitigating claims raised in an earlier lawsuit. Report and Recommendation, 4-5. Plaintiff has provided only general and conclusory arguments in response to the Magistrate Judge's recommendation concerning her previously litigated claims. Accordingly, the court adopts the

---

[2] Plaintiff's objections to the Magistrate Judge's report and recommendation include a 55 page memorandum and over 100 pages of exhibits. Plaintiff filed a motion for leave to file objections to the Magistrate Judge's Report and Recommendation in excess of 35 pages. Noting that Plaintiff is proceeding *pro se*, the court grants Plaintiff's motion (ECF Entry 45).

recommendation of the Magistrate Judge that summary judgment in favor of Defendant is appropriate as to all previously litigated claims. See Orpiano, 687 F.2d at 47-48.

The Magistrate Judge also recommended a finding that Plaintiff's instant lawsuit should be limited in scope to the alleged instances of discrimination initially outlined in her South Carolina Human Affairs Commission (SHAC) and Equal Employment Opportunity Commission (EEOC) administrative charge filed on November 24, 2003. Id. at 6-7.[3]  Plaintiff challenges this recommendation.  In support, Plaintiff lists a series of letters sent to SHAC and EEOC allegedly outlining new allegations of discrimination not included in her original administrative charge. Notwithstanding the fact that many of these letters detail claims previously litigated in Plaintiff's earlier lawsuit or simply restate allegations already included in the November 24, 2003 EEOC/SHAC charge, Plaintiff provides no evidence that SHAC or EEOC broadened the scope of their investigations to incorporate these allegedly new allegations.[4]  See Report and Recommendation, 7 n.4.  Plaintiff's objection is without merit.

To the extent Plaintiff raises claims under the ADA, summary judgment is also appropriate as to those claims.  Before bringing a civil suit for an ADA violation, the aggrieved party must file a charge with the EEOC.  Dickey v. Greene, 710 F.2d 1003, 1005 (4th Cir.1983).  Plaintiff failed to

---

[3] Plaintiff noted in her administrative charge that, as a result of filing an earlier complaint of discrimination, "[she has] been accused of processing fraudulent returns, had [her] pre approved vacation cancelled on more than one occasion, [been] threatened with the loss of [her] job, and denied a pay increase."  Plaintiff's SHAC/EEOC Charge, Ex. A-8 to Defendant's Motion for Summary Judgment.

[4] The record reflects that certain of these letters may have been mailed prior to formal filing of Plaintiff's administrative charge and thus fails to alter the court's analysis of the scope of the underlying complaint.  See, infra, n. 5.

include any allegation cognizable under the ADA in her SHAC/EEOC complaint. Plaintiff's SHAC/EEOC Charge, Ex. A-8 to Defendant's Motion for Summary Judgment ("I therefore believe I have been retaliated against for my opposition to employment practices made unlawful by the South Carolina Human Affairs Law, as amended and Title VII of the US Civil Rights Act of 1964, as amended.").[5] Accordingly, summary judgment is granted as to any claim raised under the ADA.

To the extent Plaintiff argues that she was denied raises while other employees were granted pay increases, Plaintiff fails to identify any employees who were allegedly paid more than she was and neglects to substantiate her arguments with evidence sufficient to overcome Defendant's motion. Though Plaintiff appears to argue that Defendant has failed to turn over discoverable materials that may support Plaintiff's disparate pay claim, the court notes that Plaintiff has not made a formal motion pursuant to Fed. R. Civ. P. 37 to compel the production of any potential evidence to support her claim. Morever, Plaintiff fails to identify any documents, testimony, or other materials that, even if provided by Defendant, would be sufficient to overcome a motion for summary judgment. Plaintiff's objection to the Magistrate Judge's recommendation on this issue is without merit.

---

[5] Plaintiff wrote a letter to SHAC including a list of alleged "acts of retaliation" engaged in by Autozone. In this letter, Plaintiff stated that her "[d]isability was discriminated against." Plaintiff Letter to John Jones dated November 3, 2003, 1. This letter fails to alter the court's ruling that any claims raised under the ADA are not exhausted. First, this letter was mailed prior to the date Plaintiff's formal EEOC/SHAC administrative complaint was filed. Thus Plaintiff chose not to include this complaint in her formal administrative charge and it remains unexhausted. Second, even assuming that the letter was intended to expand the scope of Plaintiff's underlying administrative charge, Plaintiff's letter still fails to expand Plaintiff's administrative charge to include an ADA complaint. If the factual foundation in an administrative charge is "too vague to support a claim that is later presented in subsequent litigation, that claim [is] procedurally barred." Chacko v. Patuxent Institution, 429 F.3d 505, 509 (4th Cir. 2005) (citing Taylor v. Va. Union Univ., 193 F.3d 219, 239 (4th Cir.1999) (en banc)). Plaintiff's four word allegation of purported discrimination provides a factual foundation too vague to preserve the claim for later litigation.

Plaintiff's Equal Pay Act claim also fails because she has failed to substantiate her allegations of unequal pay. To establish a prima facie case under the Equal Pay Act, Plaintiff must prove: (1) that her employer has paid different wages to employees of opposite sexes; (2) that said employees hold jobs that require equal skill, effort, and responsibility; and (3) that such jobs are performed under similar working conditions. See Corning Glass Works v. Brennan, 417 U.S. 188, 195 (1974). Plaintiff has failed to provide more than a mere scintilla of evidence to establish the three elements of a prima facie case. Summary judgment is granted in favor of Defendant as to any claims raised under the Equal Pay Act.

The remainder of Plaintiff's objections to the Magistrate Judge's report and recommendation consist of general and conclusory allegations or the recitation of facts previously presented to the Magistrate Judge. Accordingly, the court is not obligated to conduct a *de novo* review. See Orpiano, 687 F.2d at 47-48. Though not obligated, the court has thoroughly reviewed the record and applicable law and finds the Magistrate Judge's analysis to be correct.

The court next turns to Plaintiff's motion for default judgment filed on January 4, 2006. Defendant's responded on January 18, 2006. On January 19, 2006, the Magistrate Judge issued a report and recommendation recommending that Plaintiff's motion be denied. Plaintiff filed objections to the report and recommendation on January 15, 2006. The court has thoroughly reviewed the arguments presented in Plaintiff's objections to the report and recommendation and finds them to be without merit. The court adopts the Magistrate Judge's recommendation that Plaintiff's motion for default judgment be denied.

**CONCLUSION**

The court has reviewed the record and adopts the report and recommendation of the Magistrate Judge. Summary judgment in favor of Defendant is **granted**. The court also adopts the report and recommendation of the Magistrate Judge and **denies** Plaintiff's motion for default judgment. After a thorough review of the record, the court **denies** Defendant's motion for sanctions and **grants** Plaintiff's motion for leave to file objections in excess of 35 pages.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

August 10, 2006
Columbia, South Carolina